**F I L E D**
CLERK, U.S. DISTRICT COURT

07/02/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2025 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPHER EARL LLOYD,<br><br>    Defendant. | No. 8:25-cr-00125-JWH<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1957: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1) & 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNTS ONE THROUGH THIRTEEN

[18 U.S.C. § 1343]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.  Defendant CHRISTOPHER EARL LLOYD was a resident of Orange County, California, who used dating applications and websites.

2.  From on or about November 24, 2021, to on or about August 15, 2022, defendant LLOYD exercised sole control over a Wells Fargo bank account ending in 4177.

3. From on or about May 2, 2023, to on or about December 19, 2023, defendant LLOYD exercised sole control over SoFi bank accounts ending in 9104 and 3538.

4. From on or about January 15, 2020, to on or about June 24, 2024, defendant LLOYD exercised control over Partners Federal Credit Union bank accounts associated with a member number ending in 3086.

B. THE SCHEME TO DEFRAUD

5. Beginning no later than in or about April 2021, and continuing through at least in or about February 2024, in Orange County, within the Central District of California, and elsewhere, defendant LLOYD, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud victims as to material matters, and to obtain money and property owned by and in the custody and control of victims by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The fraudulent scheme operated and was carried out, in substance, as follows:

    a. Defendant LLOYD used dating applications and websites like Hinge, Bumble, and Tinder to befriend and engage in romantic relationships with victims.

    b. Defendant LLOYD made false representations to give victims the impression that he was financially successful and knowledgeable about investments. His representations included, among others, false representations that:

        i. he had closed on multiple properties;

        ii. he had been a finance manager for years;

        iii. he was the Vice President of a company called Planet 13 Holdings; and

        iv. he worked for an investment company called Landmark Associates.

In truth, as defendant LLOYD then knew, he had not closed on four properties; he had not served as a finance manager for years; and he had no affiliation with any registered company by the name of Planet 13 Holdings or Landmark Associates.

    c. Defendant LLOYD fraudulently induced victims to provide money and property to him, including in the form of purported investments, by making the following materially false statements, representations, and promises, among others, to various victims, which defendant LLOYD knew were false when he made them:

        i. that he knew of investment opportunities that would benefit the victims;

        ii. that he would invest the victims' money;

        iii. that victims would receive regular returns on their investments if they invested with him;

        iv. that victims' investments were insured up to a significant amount; and

        v. that victims could withdraw their investments at any time.

    d. Defendant LLOYD supported his fraudulent statements by signing contracts with victims that specified the investments that the victims were to make and setting forth a false schedule of returns on their investments.

    e. As a result of these false statements, representations, and promises, defendant LLOYD caused victims to wire

money to bank accounts he controlled and provide him with money through other means, such as through Cash App, Zelle, or cash payments.

   f. Rather than using the victims' funds for investments, defendant LLOYD largely spent it for his own personal benefit.

   g. Defendant LLOYD did not disclose to the victims that he spent their funds not for investments but for his own personal benefit.

  7. As a result of the scheme to defraud, defendant LLOYD caused victims to suffer over $2,000,000 in losses.

C. <u>USE OF WIRES</u>

  8. On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendant LLOYD, for the purpose of executing the above-described scheme to defraud, transmitted and caused the transmission of the following items by means of wire communication in interstate commerce:

| **COUNT** | **DATE** | **INTERSTATE WIRING** |
|---|---|---|
| ONE | 04/09/2021 | Transfer of approximately $20,000 from a bank account in the name of Victim Number 1 to a Partners Federal Credit Union account associated with a member number ending in 3086. |
| TWO | 04/15/2021 | Transfer of approximately $80,000 from a bank account in the name of Victim Number 1 to a Partners Federal Credit Union account associated with a member number ending in 3086. |
| THREE | 04/28/2021 | Transfer of approximately $60,000 from a bank account in the name of Victim Number 1 to a Partners Federal Credit Union account associated with a member number ending in 3086. |

| COUNT | DATE | INTERSTATE WIRING |
|-------|------|-------------------|
| FOUR | 05/06/2021 | Transfer of approximately $15,500 from a bank account in the name of Victim Number 1 to a Partners Federal Credit Union account associated with a member number ending in 3086. |
| FIVE | 12/14/2021 | Transfer of approximately $50,000 from a bank account in the name of Victim Number 2 to the Wells Fargo account ending in 4177. |
| SIX | 12/14/2021 | Transfer of approximately $50,000 from a bank account in the name of Victim Number 2 to the Wells Fargo account ending in 4177. |
| SEVEN | 12/15/2021 | Transfer of approximately $20,000 from a bank account in the name of Victim Number 2 to the Wells Fargo account ending in 4177. |
| EIGHT | 12/17/2021 | Transfer of approximately $40,000 from a bank account in the name of Victim Number 2 to the Wells Fargo account ending in 4177. |
| NINE | 12/22/2021 | Transfer of approximately $40,000 from a bank account in the name of Victim Number 2 to the Wells Fargo account ending in 4177. |
| TEN | 05/12/2023 | Transfer of approximately $110,000 from a bank account in the name of Victim Number 3 to the SoFi Account ending in 3538. |
| ELEVEN | 07/11/2023 | Transfer of approximately $40,000 from a bank account in the name of Victim Number 4 to the SoFi account ending in 9104. |
| TWELVE | 07/18/2023 | Transfer of approximately $50,000 from a bank account in the name of Victim Number 5 to the SoFi Account ending in 3538. |

| COUNT | DATE | INTERSTATE WIRING |
|---|---|---|
| THIRTEEN | 08/04/2023 | Transfer of approximately $50,000 from a bank account in the name of Victim Number 4 to the SoFi Account ending in 3538. |

COUNT FOURTEEN

[18 U.S.C. § 1957]

9. The Grand Jury realleges paragraphs 1 through 4 and 6 through 8 of this Indictment here.

10. On or about May 17, 2023, in Orange County, within the Central District of California, and elsewhere, defendant LLOYD, knowing that the property involved represented the proceeds of some form of unlawful activity, knowingly engaged in a monetary transaction in criminally derived property of a value greater than $10,000, namely, the withdrawal of $40,000 from the SoFi account ending in 9104 through a check made out to South County Lexus, which property, in fact, was derived from specified unlawful activity, namely, wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Ten of this Indictment.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

11. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Thirteen of this Indictment.

12. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

13. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982 (a)(1)]

14. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(1), in the event of the defendant's conviction of the offense set forth in Count Fourteen of this Indictment.

15. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property, real or personal, involved in such offense, and any property traceable to such property; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

16. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 18, United States Code, Section 982(b)(2), the defendant, if so convicted, shall forfeit substitute property, if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty. Substitution of assets shall not be ordered, however, where the convicted defendant acted merely as an intermediary who handled but did not retain the property in the

course of the money laundering offense unless the defendant, in committing the offense or offenses giving rise to the forfeiture, conducted three or more separate transactions involving a total of $100,000.00 or more in any twelve-month period.

A TRUE BILL

/s/
Foreperson

BILAL A. ESSAYLI
United States Attorney

*Christina Shay*

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office

KEVIN Y. FU
Assistant United States Attorney
Orange County Office